UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

In re:                                                  Chapter 7
Gail Sue Lahaie,                                        Bankruptcy No. 09-01109 S
     Debtor.

Theodore J. Lahaie,
     Plaintiff
vs.                                                     Adv. No. 09-09086

Gail Sue Lahaie,
     Defendant.

MEMORANDUM DECISION RE:
OBJECTION TO DISCHARGE

The matter before the court is the final trial of the complaint of Theodore J. Lahaie objecting to the bankruptcy discharge of Gail Sue Lahaie. Trial was held June 9, 2010 in Sioux City. John S. Moeller appeared as attorney for the plaintiff. Attorney Glenn A. Metcalf appeared on behalf of the defendant. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

Findings of Fact

The parties, husband and wife, were married July 25, 2003. When the parties separated on November 12, 2008, Mr. Lahaie moved out of the marital home at 1314 Clairmont Circle, Sergeant Bluff, Iowa. He first relocated to 3406

Fifth Avenue, Sioux City, and then moved to his current address, 203 North Cauley, Anthon, Iowa.

On December 1, 2008, Mrs. Lahaie filed a petition for dissolution of marriage in the Iowa District Court for Woodbury County. The parties have joint custody of their seven-year-old son pursuant to a temporary custody order issued by the state court. Mrs. Lahaie has primary physical custody of the child; Mr. Lahaie owes child support in the amount of $557.00 per month. The issue of property division has not been resolved, and the case is awaiting final trial.

Mrs. Lahaie filed a Chapter 7 petition on April 28, 2009. She listed in her schedule of real property her interest in the Sergeant Bluff home. She scheduled the following personal property: cash on hand, a credit union account, a utility deposit, clothing for herself and three children, rights in child support payments, and the value of her share of jointly owned property. The joint property included household goods and furniture, a claim against a construction company, a 2004 Chevy pickup, a 2005 Impala, a mower and a snow blower. The total value of personal property was shown as $25,341.00. Nearly all of her interests were claimed as exempt without objection.

Chase Credit was listed as a creditor owed $207,000, secured by a mortgage against the home valued at $105,000. GMAC was shown as having a security interest in the Impala. Mr. Lahaie is a codebtor on both of the secured debts. Mrs.

Lahaie indicated she had no priority creditors. The schedule of unsecured creditors showed total debt of $152,882.31. Much of the debt was identified as debt discharged by Mrs. Lahaie's former spouse, Richard Winn, in a bankruptcy case filed in 2004.

Mrs. Lahaie stated that her current net monthly income was $2,329.00 from her job as night manager at a McDonald's restaurant. Her monthly expenses listed in Schedule J totaled $2,788.00, for a net cash flow of negative $669.00 per month. The expenses included a payment of $1,320.00 per month for the home mortgage, which did not include real estate taxes or property insurance.

Mrs. Lahaie's meeting of creditors was held and concluded on June 1, 2009. On July 9, 2009, she filed amended documents including schedules and a statement of financial affairs.

The amended statement of financial affairs, at question 10, discloses the sale of a "tool box and compressor" to Mrs. Lahaie's sister on November 22, 2008, for $700. Mr. Lahaie asserts that the tool box, tools and an air compressor were sold to a man from Waterbury, Nebraska in mid-January 2009. Mrs. Lahaie said she sold the items to her sister in order to obtain money to make the mortgage payment due December 1, 2008. Mr. Lahaie had just moved out of the house and stopped the direct deposit of his paycheck into the account that was being used to make the mortgage payments. Mrs. Lahaie said that her sister did not have room to take the

3

items with her, but they were hers to do with as she wished.  The court finds that Mrs. Lahaie's sale of the tool box, tools and air compressor took place November 22, 2008.

Mrs. Lahaie amended her bankruptcy schedule of personal property to list an interest in a 21-foot boat and trailer valued at $3,000.  The property was purchased used for $5,200.  The boat is not currently operable.  Mrs. Lahaie said that she did not list the boat and trailer in her original schedules because the items belong to Mr. Lahaie.  She said that he has previously claimed the property as his alone.  Mr. Lahaie said he thought the boat and trailer were titled in both the parties' names.  The title was not introduced into evidence.

The amended schedule of personal property does not include items that Mr. Lahaie believes were in the garage of the marital home when he moved out.  These are a portable air tank, Snap-On wall clock, tool belt and tools, halogen light stand, soldering iron kit, and airbrush painting kit.  Mrs. Lahaie said that none of these items belong to her, she does not have them, and as to at least some of them, they were boxed up and Mr. Lahaie took them away.

The amended documents filed July 9, 2009, included a document showing income from a part-time cleaning job for a business called A Mother's Touch.  Mrs. Lahaie said that she did not receive typical pay stubs with her paychecks for this work.  The document is a page printed from accounting software, showing

4

transactions from January 1 through May 28, 2009, and amounts for November and December 2008 added in handwriting. The last transaction was April 27, 2009. Exhibit 2 at 23. The document appears to show that in the six months prior to filing her bankruptcy petition, Mrs. Lahaie had average monthly gross income from cleaning work in the amount of $300.00. There was no evidence that she had post-petition income from this work. She did not amend her schedule of current income, Schedule I.

The amended bankruptcy schedule of real property listed an additional parcel described as a "one-half remainder interest in Webbs Subdivision Lots 5-10, Bellevue Lot 6 Sioux City, Iowa." The property is locally known as 1220 19th Street, Sioux City. Mrs. Lahaie valued her interest in the property at $7,500.00. At trial she said the property is in such poor condition that she would not consider living there.

Neither party knows the circumstances of the transfer of the 19th Street property to Mrs. Lahaie. Mrs. Lahaie's mother, Delilah Fuehrer, resides there. Mrs. Lahaie's father died in approximately 1998. On December 31, 1999, Delilah Fuehrer, as a single person, deeded the property to Mrs. Lahaie and her sister, Sherry A. Monk, reserving a life estate for herself. The deed was filed with the Woodbury County Recorder's office on September 13, 2000. Exhibit 3.

In response to the filing of the bankruptcy petition, Mrs. Fuehrer wrote a letter to attorney Metcalf, making a reference to the 19th Street house.  Mrs. Lahaie believes that her attorney made the trustee aware of her interest in the property prior to her meeting of creditors.

Mr. Lahaie testified that, prior to the date of her bankruptcy filing, Mrs. Lahaie had frequent discussions with him and with her sister about Mrs. Lahaie's name being on the deed to the 19th Street property.  Mrs. Lahaie denied this contention.  She did not believe she had an interest in the property until she saw her name on the deed.  Mr. Lahaie did not assert that either he or Mrs. Lahaie saw a copy of the deed prior to her bankruptcy filing.

The testimony was not clear as to when Mrs. Lahaie first obtained a copy of the deed giving her a remainder interest in the 19th Street property.  She first said that she learned of the property interest "a couple of years ago . . . right before the bankruptcy."  Then she said that she obtained a copy after the date she filed her bankruptcy petition, and that her investigation of the title was triggered by one of two events.  She located the deed either after her mother wrote the letter to her bankruptcy attorney or after her niece contacted the sisters about Mrs. Fuehrer wanting to sell the property.  Mrs. Lahaie said that the contact from her niece occurred roughly six months to a year before the date of trial, and that the sisters were aware of their names being on the deed at the time of the contact by the niece.

6

Discussion

The plaintiff asks that the defendant's discharge be denied under 11 U.S.C. §§ 727(a)(2) and 727(a)(4)(A).  Section 727(a)(2) provides that a debtor will receive a discharge of debts unless " the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition. . . ." Section 727(a)(4)(A) denies a Chapter 7 discharge to a debtor who has knowingly and fraudulently made a false oath in or in connection with the case. False statements made in bankruptcy schedules and the debtor's statement of financial affairs may be the basis for a claim of false oath under § 727(a)(4)(A). These documents are signed under penalty of perjury and constitute written declarations that have the force and effect of oaths.  Jordan v. Bren (In re Bren), 303 B.R. 610, 613 (B.A.P. 8th Cir. 2004), rev'd in part on other grounds by, 122 Fed.Appx. 285 (8th Cir. 2005); Montey Corp. v. Maletta (In re Maletta), 159 B.R. 108, 112 (Bankr. D. Conn. 1993); Fed.R.Bankr.P. 1008.

A false statement must be material to bar a debtor's discharge.  The threshold for finding a false statement material is rather low.  "The subject matter of a false oath is 'material' and thus sufficient to bar discharge, if it bears a relationship to the [debtor's] business transactions or estate, or concerns the

7

discovery of assets, business dealings, or the existence and disposition of . . . property."  Korte v. United States (In re Korte), 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001).

Mr. Lahaie, as a creditor, has standing to object to Mrs. Lahaie's discharge. 11 U.S.C. § 727(c)(1).  The plaintiff bears the burden of proving by a preponderance of the evidence each element of a claim to deny discharge.  In re Korte, 262 B.R. at 471.  Section 727 serves to prevent abuse of the Bankruptcy Code.  Nevertheless, denial of a debtor's discharge is a harsh penalty, and the statute should be construed narrowly in favor of the debtor.  Id.

Mr. Lahaie contends that Mrs. Lahaie has concealed property or made a false oath with intent to defraud creditors by her failure to disclose four categories of property and other information in the schedules or other documents filed with her bankruptcy petition: (1) income from A Mother's Touch; (2) the November 2008 sale of the tool box, tools and air compressor; (3) the remainder interest in 1220 19th Street, Sioux City; and (4) the boat, trailer and other personal property.

Counsel for Mr. Lahaie argued at trial that Mrs. Lahaie had a duty to include in her bankruptcy schedules all personal property acquired during the marriage, even if such property was separately owned by Mr. Lahaie.  He reasoned that Mrs. Lahaie had an equitable property interest in "marital property," because she could

8

receive the proceeds of such property in a property division in the dissolution proceedings. The parties have filed post-trial briefs addressing this legal issue.

State law governs whether property is property of the bankruptcy estate for purposes of 11 U.S.C. § 541(a). Musso v. Ostashko, 468 F.3d 99, 105 (2d Cir. 2006) (citing Butner v. United States, 440 U.S. 48, 99 S.Ct. 914 (1979)); Ziemski v. Ziemski (In re Ziemski), 338 B.R. 802, 804 (B.A.P. 8th Cir. 2006).

In some states, the filing of a petition for dissolution vests a party with an interest in the other's separate property. See, e.g., Bohm v. Radinick (In re Radinick), 419 B.R. 291, 295 (Bankr. W.D. Pa. 2009) (applying Pennsylvania law). In Iowa, however, the creation of a marital estate does not effect a change in the parties' property interests. The Iowa Court of Appeals has explained:

> [W]e have referred to [property that is] subject to division in a dissolution action as a "marital asset." But when such reference is made it is done for the sole purpose of designating that property which is subject to equitable division in the dissolution action. The mere designation of property as a "marital asset" does not automatically give the nonowner spouse an ownership in that asset. Such ownership only takes place when the court adjudicates what that interest will be, if any, and decrees as such in the decretal part of its ruling. Until then, such property remains the separate property of the owner spouse.

Nichols v. Nichols, 526 N.W.2d 346, 349 (Iowa App. 1994); see also id. at 350 ("an item of property is divided because it is equitable to divide it, not because it is 'marital property'") (Sackett, J., concurring). It appears that the creation of a

marital estate under Iowa law merely facilitates the remedy of distributing the parties' property equitably between them. See Musso v. Ostashko, 468 F.3d at 105-06 (discussing equitable distribution award as remedy under New York law).

The court concludes, and Mr. Lahaie now concedes, that the filing of the dissolution petition did not give Mrs. Lahaie a property interest in his personal property. Mr. Lahaie no longer contends that Mrs. Lahaie's failure to list the portable air tank, Snap-On wall clock, tool belt and tools, halogen light stand, soldering iron kit, and airbrush paint kit in her bankruptcy schedules is a basis for denial of discharge under § 727(a).

As to the boat and trailer, the evidence was not sufficient to determine who has legal title to the property. The court does not find that Mrs. Lahaie's amendment of her schedules to include the boat and trailer is an admission of ownership. She believes that Mr. Lahaie has possession of the certificate of title to the property, and she knows that he now claims the property is jointly owned. The court finds, however, that at the time of filing her petition Mrs. Lahaie believed that the boat and trailer belonged to her husband. Therefore, the court concludes that her failure to list the items in her schedule of personal property was not due to an intent to defraud creditors.

Mr. Lahaie has not shown that Mrs. Lahaie's schedule of current income was inaccurate. There was no evidence that she had post-petition income from the

cleaning business. The court accepts Mrs. Lahaie's explanation that the failure to submit "payment advices" was an oversight. The form of the records submitted by the cleaning business substantiates her testimony that she did not receive typical paystubs when she was paid for cleaning work. The lack of proper documentation may have led to omission of the information. The court concludes that Mr. Lahaie has not shown the information was omitted with fraudulent intent.

The testimony regarding the sale of the tool box, tools and air compressor in November 2008 leads the court to believe that omission of the transfer from the statement of financial affairs was due to oversight and was not done with intent to defraud creditors.

The court now addresses Mrs. Lahaie's failure to disclose her interest in the house on 19th Street. Notwithstanding Mrs. Lahaie's view that the property has little value, this omission was material because it concerned the discovery of her assets and the existence of property. In re Korte, 262 B.R. at 475.

The question is whether Mrs. Lahaie omitted the asset knowingly and fraudulently. "A debtor's subsequent disclosure of an asset does not absolve a debtor from an initial omission, but depending on the circumstances, it may be evidence of innocent intent." Ellsworth v. Bauder (In re Bauder), 333 B.R. 828, 831 (B.A.P. 8th Cir. 2005). In this case, Mrs. Lahaie notified the trustee of her interest in the house prior to the meeting of creditors.

11

A key fact in this case is the time that Mrs. Lahaie learned she had a property interest in the house. The deed was executed in 1999, but neither party knows the circumstances of that transaction. Mr. Lahaie claims that Mrs. Lahaie knew of the property interest prior to filing her bankruptcy petition, and that her name being on the deed was the subject of many discussions between the parties and between Mrs. Lahaie and her sister. Mrs. Lahaie denied this claim, and the sister was not called as a witness.

Mrs. Lahaie said that she did not believe she had any interest in the house until she saw the deed. Mrs. Lahaie was very uncertain about dates, but she seemed certain that she obtained the deed for the first time either after her mother's post-petition letter or after being contacted by her niece. Her later testimony indicated that her mother's letter was the earlier event, and the niece's contact with the sisters occurred second, which would make both events post-petition.

Having had opportunity to assess the credibility of the witnesses and to observe their demeanor, the court finds Mr. Lahaie's testimony not entirely trustworthy. There appears to be an element of vindictiveness to his prosecution of this proceeding. He has not shown that the failure to list the house was a knowing and fraudulent omission.

The court concludes that Mr. Lahaie has not met his burden of proving his claim under either 11 U.S.C. §§ 727(a)(2) or 727(a)(4)(A).

IT IS ORDERED that the complaint is dismissed.

DATED AND ENTERED:
July 22, 2010

*/s/ William L. Edmonds*

William L. Edmonds, Bankruptcy Judge